# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIAM, INC. | : | CIVIL ACTION NO. |
| | : | |
| PLAINTIFF | : | |
| v. | : | |
| | : | |
| CPD PARENT PROPERTIES, LLC, AND CPD | : | |
| PROPERTIES, INC. AND | : | |
| CPD PROPERTIES-24 HIGH STREET LLC | : | November 21, 2018 |
| CHESTNUT PETROLEUM DISTRIBUTOR, | : | |
| INC. AND CPD ENERGY CORP., | : | |
| | : | |
| DEFENDANTS | : | |

## COMPLAINT

### I. Parties:

1.     The Plaintiff is Mariam, Inc, an entity authorized to conduct business in Connecticut with a principal place of business at 24 High Street, Hartford, CT 06118.

2.     The Defendants are: CPD Parent Properties, LLC, CPD Properties, Inc., CPD Properties-24 High Street LLC, Chestnut Petroleum Distributor, Inc. and CPD Energy Corp., each a New York company with a principal place of business at 536 Main Street, New Paltz, NY 12561, (hereinafter collectively "Defendant Franchisor").

### II. Jurisdiction and Venue

3.   Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, because the plaintiff's claims arise under 15 U.S.C. § 2801 et seq. (The PMPA or the Petroleum Marketing Practices Act) and is further proper pursuant to 15 U.S.C. §1332 because the Plaintiff and the defendants are citizens of different states.

4.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all, or a substantial part of the events giving rise to the claim occurred in this District.

1

**Count I (Petroleum Marketing Practices Act 15 U.S.C. § 2801 et seq.)**

5.  The Plaintiff is a party to a franchise relationship with one or more of the Defendant Franchisors and has operated the gasoline station under a leasehold agreement with the Defendant Franchisor under a trademark owned or controlled by a refiner, namely, SHELL.

6.  The Plaintiff is a retailer and a franchisee as those terms are defined in the Petroleum Marketing Practices Act, (PMPA) 15 U.S.C. § 2801 et seq. and the Connecticut Franchise Act, Conn. Gen. Stat. § 42-133L et seq.

7.  The Plaintiff enjoys a franchise relationship with one or more of the Defendant Franchisors as that term is used in the PMPA.

8.  One or more of the Defendant Franchisors is the plaintiff's franchisor, as that term is used in the PMPA.

9.  One or more of the Defendant Franchisors is a party to a franchise relationship with the Plaintiff, as that term is used in the PMPA.

10.  On or about September 1, 2008, the Plaintiff and the Defendant Franchisor entered a Retail Facility Lease and a Retail Sales Agreement.

11.  By their terms, the Retail Facility Lease and Retail Sales Agreement expired August 31, 2011.

12.  Pursuant to Conn. Gen. Stat. §42-133L(c) the currently applicable renewal date is August 31, 2020 or, in any event, not November 30, 2018.

13. On or about August 30, 2018, the Defendant Franchisor issued a "Notice of Non-renewal of Franchise Relationship to the Petroleum Marketing Practices Act

('PMPA')".  (A copy of said Notice is attached hereto as exhibit A).  Despite the caption, the document purports to "terminate" the franchise relationship on November 30, 2018.

14.  Said Notice of Non-Renewal is not based upon valid grounds pursuant to 15 U.S.C. § 2802 et seq. whether it is a "termination" or a "non-renewal."

15.  As a result, the Plaintiff is entitled to relief under 15 U.S.C. § 2805.

## COUNT II – BREACH OF CONNECTICUT GENERAL STATUTE § 42-133L

16.  Paragraphs 1 through 15 are hereby incorporated by reference as if set forth herein.

17.  As a result of the foregoing, the Defendant Franchisor violated the Connecticut Petroleum Franchise Act, Conn. Gen. Stat. § 42-133L.

18.  More particularly, the Defendant Franchisor violated Conn. Gen. Stat. §42-133L(c) which provides: "Notwithstanding the provisions of section 52-550, no franchise entered into or renewed on or after October 1, 1973, whether oral or written, shall be for a term of less than three years and for successive terms of not less than three years thereafter unless cancelled, terminated or not renewed pursuant to subsections (a) and (d) of this section."

19.  Further, the Defendant Franchisor violated Conn. Gen. Stat. §42-130 3L(f) , which provides: "No franchisor, directly or indirectly, through any officer, agent or employee, shall do any of the following: (1) Require a franchisee at the time of entering into an agreement to assent to a release, assignment, novation, waiver, or estoppel which would relieve any person from liability imposed by sections 42-133j to 42-133n...."

20.  The aforementioned actions were not taken in good faith and thus the Defendant Franchisor violated Conn. Gen. Stat. § 42-133l(f)(6).

3

21.     As a further result, the plaintiff is entitled to its remedies pursuant to Conn. Gen. Stat. § 42-133n.

## COUNT III – CONNECTICUT UNFAIR TRADE PRACTICES ACT

22.     Paragraphs 1 through 21 of the First Count are hereby incorporated by reference as if set forth herein.

23.     At all relevant times, the Defendant Franchisors were engaged in commerce throughout the State of Connecticut.

24.     The actions of the Defendant Franchisor, as set forth hereinabove, constitute unfair competition and/or unfair or deceptive acts and practices in violation of the Connecticut Unfair Trade Practices Act. Conn. Gen. Stat. § 42-110b et seq.

25.     As a result of the foregoing, the plaintiff will suffer economic harm and will continue to suffer economic harm.

26.     As a result, the plaintiff is entitled to its remedies under Conn. Gen. Stat. § 42-110g.

## JURY DEMAND

27.     The plaintiff claims a right to trial by jury

Wherefore, the plaintiff demands:

    a.  an injunction barring the Defendant Franchisor from terminating or non-renewing the plaintiff's franchise without further order of the Court;

    b.  an injunction barring the Defendant Franchisor from dispossessing or attempting to dispossess the Plaintiff from the premises known as 24 High St. East Hartford, CT 06118;

    c.  money damages;

    d.  interest, attorney's fees and costs; and,

    e.  such other relief as the Court deems just and equitable.

Dated at Stamford, Connecticut, this 21st  day of November 2018.

THE PLAINTIFF,
MARIAM, INC.


By: _____
John J. Morgan (CT 9312)
Barr & Morgan
84 West Park Place, 3rd Floor
Stamford, CT  06901
Tel. (203) 356-1595
Fax:  (203) 504-8926
Email:  jmorgan@pmpalawyer.com

EXHIBIT A



# CPD PARENT PROPERTIES, LLC

*536 Main Street, New Paltz, NY 12561 Tel: (845) 256-0162 Fax: (845) 255-2305*

August 30, 2018

**CERTIFIED MAIL RETURN**
**RECEIPT REQUESTED &**
**FEDEX**

Mariam, Inc. DBA High Street Shell
Attn: Hussein Kobeissi
24 High Street
East Hartford, CT 06118

Re:     *Notice of Non-renewal of Franchise Agreements Pursuant*
         *to the Petroleum Marketing Practices Act ("PMPA")*

Dear Mr. Kobeissi:

This letter is to give formal written notice pursuant to the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §2801 *et seq.* that CPD PARENT PROPERTIES, LLC ("Franchisor") is giving MARIAM, INC. DBA HIGH STREET SHELL (the "Franchisee") an official 90 days notice of non-renewal in relation to the Franchise Agreements executed by and between Franchisor and Franchisee on or about September 1, 2008.

Franchisor previously sent you renewal agreements which you were supposed to return to Franchisor by August 25, 2018. As of today, August 30, 2018, Franchisor has not received these agreements, therefore, you are receiving this letter in accordance to non-renewal procedures. Accordingly, the expiration date of your current franchise agreements has been extended to **November 30, 2018**, under the same terms and conditions, to be in compliance with this 90 days non-renewal period.

Franchisor hopes to receive these executed agreements during this 90 days period of non-renewal and continue our franchise relationship. In the event the executed agreements are not received during this time, your franchise, franchise agreement, and franchise relationship with Franchisor will be terminated effective **November 30, 2018** without further notice or action by Franchisor.

If you sign and return the renewal agreements to us before the effective non-renewal date, Franchisor will consider this notice of non-renewal automatically rescinded. However, if you fail to sign and return the renewal agreements unaltered and in a timely manner, this notice will remain in effect, and it will be Franchisor's full expectation that Franchisee will vacate the premises by <u>November 30, 2018</u>.

A copy of the summary statement of Title I of the PMPA, as prepared by the Department of Energy, is enclosed.

Should you have any questions regarding this letter please do not hesitate to contact me at 845-256-0162. Thank you for your anticipated cooperation.

Very truly yours,

CPD PARENT PROPERTIES, LLC

By: 

Name: Dan Montanez

Title:  Contract Specialist

Encl: PMPA Summary Statement

cc: S. Jamal, M. Jamal, R. Theilig, AJ Jamal